UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| TREVIS CALDWELL, | ) |
| Plaintiff | ) ) ) |
| v. | ) Civil No. 05-213-P-S |
| U.S. MARSHAL SERVICE, et al., | ) ) ) |
| Defendants | ) |

### RECOMMENDED DECISION

This case was first filed in this court on November 9, 2005. When the complaint was first filed I noted the events recited in the complaint took place over 10 years ago. I advised Caldwell he would have to make an affirmative showing as to why a six year statute of limitations was not applicable to this lawsuit, barring his claims at this point in time. (Order granting IFP, Docket No. 5) Apparently heeding my warning and making a good faith effort to comply with the directive, Caldwell filed an amended complaint on December 27, 2005, naming Haskel, Chief of Security, Kane, Correctional Counselor, and Smith, Correctional Counselor as the defendants in this case, and he also filed a document explaining and giving a colorable reason for his belief that the statute of limitations in this case should have been tolled during his minority while he was incarcerated. (see Docket No. 12)

In March 2006 Caldwell was provided the necessary service documents in order to accomplish service on the defendants. Four months later, on July 26, 2006, in accordance with Rule 4m of the Federal Rules of Civil Procedure, this court issued an order to show cause why the action should not be dismissed due to Caldwell's failure to

complete service. Caldwell explained the difficulties he encountered in attempting to make service and requested service by the U.S. Marshal. (Docket No. 18). I granted the motion. In September of 2006 the Marshal returned all three summons as unexecuted because "Maine Department of Corrections Personnel Officer Steve Farrell could not locate [defendant] due to lack of information provided by the plaintiff." On October 10, 2006, I ordered Caldwell to provide additional information about the defendants if he wanted the Marshal to make service upon them. On November 15, 2006, he responded to my order by providing a small amount of additional information (Docket No. 22). I directed the clerk to prepare three new summons for the three named defendants and provide them, along with a copy of the plaintiff's explanatory letter, to the U.S. Marshal to attempt service yet again. The order directed that the summonses were to be executed by January 8, 2007. On January 5, 2007 the summonses were again returned unexecuted because the Marshal could not locate the three individuals.

    I have provided the Marshal's service with all of the information Caldwell has provided to the court. I do not know what further action can be taken at this juncture and it appears to me that any attempt at further service would be futile. Although Caldwell has acted in good faith and promptly responded to all of this court's directives, it is apparent that far more than 120 days have elapsed without completing service. I therefore recommend that the court dismiss this complaint without prejudice pursuant to Rule 4(m), Fed. R.Civ.P.[1]

---

[1] Although a dismissal pursuant to Rule 4(m) is without prejudice, Caldwell's case is in all probability finally dismissed because by Caldwell's own calculation his "disability" of imprisonment ended on December 31, 1999, meaning that, in his view, the six year statute of limitation expired on December 31, 2005. Were he to file a new action, he would confront an even more skeptical court regarding the timeliness issue.

NOTICE

       A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

       Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

       /s/ Margaret J. Kravchuk  
       U.S. Magistrate Judge

January 5, 2007